IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 16-cv-00816-GPG

NATHAN DANIEL KNUTH,

    Applicant,

v.

JEFF SCHRADER,

    Respondent.

---

ORDER OF DISMISSAL

---

Applicant, Nathan Daniel Knuth, is a pretrial detainee at the Jefferson County Detention Facility in Golden, Colorado. Mr. Knuth has filed *pro se* an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (ECF No. 1). The Court must construe the application liberally because Mr. Knuth is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, the application will be denied.

Mr. Knuth is facing felony and misdemeanor charges in his pending criminal case in the Jefferson County District Court and a trial currently is set for April 18, 2016. He describes the nature of this action as follows:

> I was arrested on March 1, 2014[, and] transported to the Jefferson County Jail where I have been held in custody since. Since that time I have been repeatedly and continuously subjected to illegal and coercive tactics by the Judge and prosecutor to accept a plea deal of 5-16 years D.O.C. to charges that with all the evidence viewed in the light

> most favorable to the prosecution, only constitute misdemeanors. The Judge and prosecutor are working together and intentionally subjecting me to false imprisonment in jail and intentionally denying my Constitutional Rights to force me into prison for the rest of my life for misdemeanor conduct because the[y']re mad at me for standing up for my rights. This is an absolute fact[,] please help me[,] I can prove this.

(ECF No. 1 at 2.) Mr. Knuth contends that his claims have been presented to the trial court and to the Colorado Supreme Court in at least seven different original proceedings.

A state prisoner subject to untried charges may bring a pretrial habeas corpus action in federal court pursuant to 28 U.S.C. § 2241 to "demand enforcement of the [State's] affirmative constitutional obligation to bring him promptly to trial." *Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 489-90 (1973). In the instant action Mr. Knuth is not demanding enforcement of his right to be brought to trial promptly. Instead, he seeks "[a]n adequate forum and opportunity to present [his] federal Constitutional challenges and [his] Constitutional rights of Due Process and [his] right to stand trial in front of an impartial Judge without a personal bias" and a stay of the state court proceedings. (ECF No. 1 at 11.)

Absent extraordinary or special circumstances, federal courts are prohibited from interfering with ongoing state criminal proceedings. *See Younger v. Harris*, 401 U.S. 37 (1971); *Phelps v. Hamilton*, 122 F.3d 885, 889 (10th Cir. 1997). Abstention is appropriate if three conditions are met: "(1) the state proceedings are ongoing; (2) the state proceedings implicate important state interests; and (3) the state proceedings afford an adequate opportunity to present the federal constitutional challenges." *Phelps*, 122 F.3d at 889.

The first condition is met because Mr. Knuth concedes that the state court proceedings are ongoing. The second condition also is met because the Supreme Court "has recognized that the States' interest in administering their criminal justice systems free from federal interference is one of the most powerful of the considerations that should influence a court considering equitable types of relief." *Kelly v. Robinson*, 479 U.S. 36, 49 (1986) (citing *Younger*, 401 U.S. at 44-45). With respect to the third condition, Mr. Knuth fails to demonstrate the absence of an adequate opportunity to present his claims in the state proceedings. As noted above, Mr. Knuth concedes that he has raised his claims in the state court proceedings. The fact that his requests for relief have not been successful does not demonstrate Mr. Knuth lacks an adequate opportunity to present his claims. Mr. Knuth's vague and conclusory allegation that the judge ruling on his constitutional claims is biased against him also does not demonstrate the absence of an adequate opportunity to present his claims.

Mr. Knuth "may overcome the presumption of abstention 'in cases of proven harassment or prosecutions undertaken by state officials in bad faith without hope of obtaining a valid conviction and perhaps in other extraordinary circumstances where irreparable injury can be shown.'" *Phelps*, 122 F.3d at 889 (quoting *Perez v. Ledesma*, 401 U.S. 82, 85 (1971)). However, the fact that Mr. Knuth will be forced to appear in state court on criminal charges, by itself, is not sufficient to establish great and immediate irreparable injury. *See Younger*, 401 U.S. at 46; *Dolack v. Allenbrand*, 548 F.2d 891, 894 (10th Cir. 1977).

Courts have considered three factors in determining whether a prosecution is

commenced in bad faith or to harass:

> (1) whether it was frivolous or undertaken with no reasonably objective hope of success; (2) whether it was motivated by the defendant's suspect class or in retaliation for the defendant's exercise of constitutional rights; and (3) whether it was conducted in such a way as to constitute harassment and an abuse of prosecutorial discretion, typically through the unjustified and oppressive use of multiple prosecutions.

*Phelps*, 122 F.3d at 889. It is Mr. Knuth's "'heavy burden' to overcome the bar of *Younger* abstention by setting forth more than mere allegations of bad faith or harassment." *Id.*

Mr. Knuth fails to demonstrate that the criminal case against him was commenced with no reasonable hope of success. He also fails to demonstrate any improper motivation for the charges. Finally, there is no indication that the criminal case against Mr. Knuth has been conducted in such a way as to constitute harassment or an abuse of prosecutorial discretion. Therefore, the Court finds that *Younger* abstention is appropriate in this action.

In summary, the instant action will be dismissed because Mr. Knuth fails to allege facts that indicate he will suffer great and immediate irreparable injury if the Court does not intervene in the ongoing state court criminal proceedings. If Mr. Knuth ultimately is convicted in state court and he believes that his federal constitutional rights were violated in obtaining that conviction, he may pursue his claims in federal court by filing an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 after he exhausts state remedies.

The Court also certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from

this order would not be taken in good faith and therefore *in forma pauperis* status will be denied for the purpose of appeal.  See *Coppedge v. United States*, 369 U.S. 438 (1962). If Applicant files a notice of appeal he also must pay the full $505 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24.   Accordingly, it is

ORDERED that the habeas corpus application is denied and the action is dismissed without prejudice for the reasons stated in this order.   It is

FURTHER ORDERED that no certificate of appealability will issue because Applicant has not made a substantial showing of the denial of a constitutional right.   It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied without prejudice to the filing of a motion seeking leave to proceed *in forma pauperis* on appeal in the United States Court of Appeals for the Tenth Circuit.

DATED at Denver, Colorado, this   14th   day of    April   , 2016.

BY THE COURT:

 s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court